SHANNON, Judge.
The plaintiffs brought suit against the defendant county seeking: 1) to have the the court declare that the 20 foot road or way through the plaintiffs’ property, described in the complaint, is private property in the ownership of the plaintiffs and that the public generally has no right to the use thereof; 2) that the court determine and declare the extent of the defendant’s right-of-way to the use of the 20 foot road or way through the plaintiffs’ property; and 3) that the court permanently enjoin the defendant and the individual commissioners constituting the Board of County Commissioners of Sarasota County from directing, encouraging and permitting the public generally to trespass and violate plaintiffs’ property rights. A summary judgment was entered in favor of the plaintiffs and the county has taken an appeal.
The plaintiffs and the county own adjoining lands in Sarasota County. The parties’ respective predecessors in title had entered into an agreement whereby the plaintiffs’ predecessor had granted to the county’s predecessor an easement. The agreement provided in part:
“Party of the First Part, [plaintiffs’ predecessor] for itself, its successors, *558 grantees- and assigns, grants' with and to Parties of the Second Part, [county’s predecessor] their heirs, grantees, assigns, and their tenants * * * at all times, to freely pass and re-pass on foot or in a motor vehicle through and over said roadway 2O' in width, which runs through the lands of the Parties of the First Part.” (Emphasis added).
Subsequent to this agreement the parties to it sold their respective properties to the plaintiffs and the county. It is now the theory of the county that when it purchased this land, which purchase carried the easement with it, that the road through the plaintiffs’ land became accessible to the general public.
In its answer to the complaint, the county, in addition to denying that public use of the road is a violation of the easement agreement, raised the affirmative defense that the public had acquired an easement by prescription ■ since the public had been using this-road for 20 years continuously and without interruption. The parties each submitted many affidavits on this issue,-, the plaintiffs’ affidavits stating that the road had been blocked off many times and. had not been accessible to the public for a period of 20 years without interruption,, and the defendant’s affidavits, of course, stating to the contrary. The lower court entered a summary judgment in favor of the plaintiffs thus holding: 1) that the general public did not have the use of an easement which was acquired when the comity purchased land which carried the easement with it; and 2) the public did not acquire an easement by prescription to this right-of-way by continuous and uninterrupted use for 20 years.
We find that the affidavits submitted by the parties on the issue of whether the public had been using the road without interruption for 20 years are in conflict and that they raise a factual issue which precluded the entry of the summary' júdgment. This is a chancery case and so this question of fact will not be submitted to a jury. However,, at trial the members of the public whose affidavits were submitted will testify in person. We think it is necessary for the chancellor to hear their personal testimony in a trial atmosphere before 'resolving this question of fact.
Since we are reversing the entry of the summary judgment on the basis that there is a question of fact, it is not now necessary for us to decide the issue of whether the general public has the use of an easement which was acquired when the county purchased land which carried the' easement with it.
Reversed.
SMITH, C.: J., ■ and WHITE) J., concur.